RAMON BELADO v. THE STATE.

No. 4960.    Decided May 16, 1918.

**1.—Pure Food Law—Jurisdiction—County Court—District Court.**

Where appellant was convicted in the County Court of Nueces County, of a violation of the pure food law, and fined twenty-five dollars and costs, and in default of payment thereof was placed in jail, whereupon he sued out a writ of habeas corpus before the judge of the Criminal District Court of said county, on the ground that the County Court had no jurisdiction and that he should have been tried in said District Court; and said district judge remanded him to custody, whereupon he appealed to this court. Held, that said County Court had exclusive jurisdiction in said case, and the judgment of the lower court is affirmed.

**2.—Same—Statutes Construed—Jurisdiction—Misdemeanor.**

Under the Act of 1907, creating a Criminal District Court for Nueces County, there is no provision giving said Criminal District Court any original or appellate jurisdiction whatever of any misdemeanor, etc., and it was evidently the intention of the Legislature that in misdemeanor trials the jurisdiction should remain in the County Court of Nueces County.

Appeal from the District Court of Nueces.    Tried below before the Hon. Walter F. Timon.

Appeal from a conviction of a violation of the pure food law and habeas corpus proceedings thereon; penalty, a fine of twenty-five dollars.

The opinion states the case.

*Pope & Sutherland,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

PRENDERGAST, JUDGE.—In November, 1917, appellant was convicted in the County Court of Nueces County of violating the pure food law and fined $25.    The costs was a little more than that sum.    The proper judgment was rendered and thereon a proper writ was issued commanding the sheriff to take custody of him and keep him until he paid the fine and costs.    The officer took charge of him thereunder and placed him in jail.    He refused to pay the fine and costs.

On December 7th he sued out a writ of habeas corpus before Judge Timon, judge of the Criminal District Court of said county.    Upon hearing the cause under said writ, Judge Timon remanded him to the custody of the sheriff.    Appellant claimed that the County Court had no jurisdiction to try him and that only said Criminal District Court had such jurisdiction.

His contention is that because at the time of his trial there was a Criminal District Court for said county that thereby under the Constitution and statute the County Court was wholly deprived of any jurisdiction of criminal misdemeanor cases and offenses.

Article 5, section 1, of the Constitution vests the judicial power of this State in the Supreme Court, Courts of Civil Appeals, Court of Criminal Appeals, District Courts, County Courts, Commissioners, and Justice of the Peace Courts, and in such other courts as may be provided by law.    The Criminal District Court of Galveston and Harris Counties was kept in force by the Constitution of 1876 and the amendment of this section of September 22, 1891, but the Legislature was given power to provide otherwise as to that Criminal District Court. Said amendment added this to said section: "The Legislature may establish such other courts as it may deem necessary and prescribe the jurisdiction and organization thereof, and may conform the jurisdiction of the district and other inferior courts thereto."

Article 5, section 16, of the Constitution of 1876, and the amendment

thereof adopted on September 22, 1891, vests jurisdiction in every County Court of every county as follows: "The County Court shall have original jurisdiction of all misdemeanors of which exclusive original jurisdiction is not given to the Justice's Court as the same is now or may hereafter be prescribed by law, and when the fine to be imposed shall exceed $200. . . . They (County Courts) shall have appellate jurisdiction in cases . . . criminal of which Justice's Courts have original jurisdiction, . . . under such regulations as may be prescribed by law. In all appeals from Justice's Courts there shall be a trial de novo in the County Court, and appeals may be prosecuted from the final judgment rendered in such cases, by the County Court, . . . (in all cases) criminal of which the County Court has exclusive or concurrent or original jurisdiction . . . to the Court of Criminal Appeals, with such exceptions and under such regulations as may be prescribed by law. . . . The County Court shall not have criminal jurisdiction in any county where there is a Criminal District Court, *unless expressly conferred by law,* and in such counties appeals from Justice's Courts and other inferior tribunals in criminal cases shall be to the Criminal District Court, *under such regulations as may be prescribed by law,* and in all such cases an appeal shall lie from such District Court to the Court of Criminal Appeals."

Only that portion of said section which applies to criminal cases is quoted. The part as to civil cases and business is omitted because inapplicable.

Article 5, section 22, is: "The Legislature shall have power, by local or general law, to increase, diminish or change the civil and criminal jurisdiction of County Courts; *and in cases of any such change of jurisdiction, the Legislature shall also conform the jurisdiction of the other courts to such change."*

The statute first passed after the Constitution of 1876 was adopted, organizing County Courts, expressly gave those courts jurisdiction of all misdemeanors, except those involving official misconduct, "and except in counties where there is established a Criminal District Court," strictly in accordance with the Constitution. (This article is now 98 of the C. C. P., and in the same language as originally enacted.)

At that time, and for many years thereafter, Galveston and Harris Counties were the only ones which had a Criminal District Court. So that unquestionably the County Court of Nueces County was vested with jurisdiction over misdemeanors.

By the Act of 1881, page 31, jurisdiction of all misdemeanors of which the County Court of Nueces County at that time had jurisdiction, was expressly taken therefrom (and from many other counties also), and was thereby vested in the regular District Court of that county, and the jurisdiction of all the other courts conformed thereto. Then by the Act of 1893, page 19, said Act of 1881 was repealed, and jurisdiction of all misdemeanors, which it first had, was taken from said District Court, and *expressly revested in said County Court,* where it

has ever since remained. At least since 1891 Nueces County has continuously been in the Twenty-eighth Judicial District, and ever since said Act of 1893, until the Act of 1917, page 76, has had jurisdiction only of all criminal cases—felonies and civil cases expressly given to it by article 5, section 8, of the Constitution. It has never since had, nor exercised, jurisdiction, original or appellate, of any misdemeanors, except those involving official misconduct.

The said Act of 1917 created a Criminal District Court for Nueces County and vested in it solely this jurisdiction: "which shall have and exercise all of the criminal jurisdiction now vested in and exercised by the District Court of the Twenty-eighth Judicial District of Texas." (It also vests it with jurisdiction of divorce and tax suits.) It also divests said Twenty-eighth District Court of only all jurisdiction it vests in said Criminal District Court.

Said Act of 1917 has no provision giving said Criminal District Court any original or appellate jurisdiction whatever of any misdemeanor, except for official misconduct, and has no provision conforming the jurisdiction of the County or Justice's Court to its jurisdiction, but conforms only the jurisdiction of said Twenty-eighth District Court to said Criminal District Court's jurisdiction.

If the Legislature had intended to give said Criminal District Court any jurisdiction of misdemeanors it would have been necessary for it to have expressly done so, and would also then have been necessary to have ·expressly conformed the County Court jurisdiction thereto, and also have conformed the appellate jurisdiction of the Justice's Courts from the County to said Criminal District Court *as expressly required by the Constitution.* County Courts have concurrent original jurisdiction with the Justice Courts of all misdemeanors when punishable only by fine not to exceed $200. County Courts have exclusive jurisdiction of all misdemeanors where· the fine may exceed $200, or where any jail penalty may be imposed (except those involving official misconduct of which the District Courts have exclusive jurisdiction). There are a large number of these offenses where the fine may exceed $200, or jail imprisonment may be imposed—one or both. Said Act of 1917 makes no provision whatever as to any of these. Certainly it could not be held said Act gives said Criminal District Court any jurisdiction of such misdemeanors because its jurisdiction is expressly stated as copied above, and excludes any such jurisdiction. If the mere creation of said Criminal District Court could be held to be ipso facto or automatically deprive said County Court of all such jurisdiction, of which it had unquestionably been given express jurisdiction, then there would necessarily be a large number of offenses, of which no court would have jurisdiction, and consequently which could not be punished. All this leads to the inevitable conclusion that the Legislature clearly intended that the jurisdiction of misdemeanors should remain in said County Court of Nueces County *where it had been expressly placed* as shown.

The only case found which is regarded in point ·is Kruegel v. State,

84 S. W. Rep., 1064. In that case it is shown that in 1893 the Legislature passed an Act creating a Criminal District Court for Dallas County, vesting in it only "all the criminal jurisdiction now vested in and exercised by the District Courts of Dallas County," just as in this instance. There was no provision in said Act relative to appeals to said court. There is none in said Act of 1917. At the same session of the Legislature (1893) was passed an Act giving the Dallas County Court jurisdiction of misdemeanors. In this instance such Act had been passed in 1893, *expressly vesting the County Court of Nueces County with jurisdiction of misdemeanors as shown above.* In the . Kruegel case he had been fined in 1905, in the Justice's Court, $25 for carrying a pistol. He appealed to the County Court of Dallas County, and was again therein convicted and fined $100. The opinion therein states that he "filed a motion in the County Court to dismiss the appeal on the ground that the County Court of Dallas County did not have jurisdiction of said appeal, inasmuch as there was a Criminal District Court in Dallas County, and all appeals from the Justice's Court should be prosecuted to said Criminal District Court, and not to the County Court." His motion was overruled and he appealed to this court, which held that said Dallas County Court had jurisdiction of said appeal, and that said Criminal District Court did not have. It is true in said Act vesting jurisdiction in said Dallas County Court, the Legislature, in the emergency section, expressed "a desire" that the jurisdiction of said Dallas County Court should remain as it had been. While the Legislature in this instance in revesting jurisdiction in the County Court of Nueces County, did not express such a desire, there can be no doubt from said acts and what it did and did not do, that it was the clear intention of the Legislature as much so as if it had expressly said so, that said jurisdiction should remain in said County Court where it had expressly placed it, and that no original or appellate jurisdiction of misdemeanors was placed or intended to be placed in said Criminal District Court.

Therefore the judgment of the lower court remanding appellant to the custody of the sheriff was correct and the judgment is affirmed.

*Affirmed.*